UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CYNTHIA LEE TAYLOR,

        Plaintiff,

vs.                                            Case No. 3:14-cv-1100-J-34JBT

AMERICAN RED CROSS,

        Defendant.
_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court <u>sua sponte</u>. On September 10, 2014, Plaintiff initiated the instant action by filing a one-count Complaint (Doc. 1) against Defendant. In the Complaint, Plaintiff asserts that the Court has diversity jurisdiction over this action because Plaintiff and Defendant are citizens of different states. <u>See</u> Complaint at 1. However, upon review of the Complaint, the Court finds that it lacks diversity jurisdiction over this suit in that Plaintiff demands a specific amount of damages which is below the threshold amount in controversy required for federal diversity jurisdiction. <u>Compare</u> Complaint at 3 <u>with</u> 28 U.S.C. § 1332(a). In addition, Plaintiff fails to properly allege the citizenship of Defendant such that the Court is unable to determine whether the parties are diverse. Finally, it appears from the allegations of the Complaint that, even if federal subject matter jurisdiction did exist, venue is not appropriate in this district.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. <u>See</u> <u>Kirkland v. Midland Mtg. Co.</u>, 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have

challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

A court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and where the action is between "citizens of different States." See 28 U.S.C. § 1332(a)(1); Univ. of S. Ala., 168 F.3d at 412. "In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). Here, Plaintiff demands a total of $35,000 in damages. See Complaint at 3. As such, the amount in controversy is insufficient to satisfy the $75,000 jurisdictional minimum. See 28 U.S.C. § 1332(a). Accordingly, the Court will direct Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

In addition, the Court notes that Plaintiff fails to properly allege the citizenship of Defendant American Red Cross. In the Complaint, Plaintiff asserts that Defendant's "business is located at 1909 Veterans Highway, Levittown, PA 19056." See Complaint at 1. "The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its

principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis removed).  Accordingly, Plaintiff's allegation is insufficient to establish Defendant's citizenship in that she does not assert where Defendant was incorporated.  In addition, the assertion that Defendant's business is located in Levittown, Pennsylvania fails to disclose Defendant's principal place of business.  See id.  As such, the Court lacks sufficient information to determine the citizenship of Defendant and whether the parties to this action are diverse.

Finally, upon review of the Complaint, it appears that even if federal diversity jurisdiction did exist, this district is not an appropriate venue for Plaintiff's action.  Pursuant to 28 U.S.C. § 1391(b):

> [a] civil action may be brought in–
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff alleges that Defendant is located in Levittown, PA, and that the events giving rise to her claim took place in Doylestown, PA.  See Complaint at 1.  As such, the Complaint reveals no basis to lay venue in the Jacksonville Division of the United States District Court for the Middle District of Florida.  Thus, to the extent Plaintiff can establish federal subject matter jurisdiction over the action, Plaintiff must also show cause why this case should not be dismissed for improper venue, or transferred to an appropriate venue.  See  28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong

division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). In light of the foregoing, it is

**ORDERED**:

Plaintiff shall have until **October 3, 2014**, to:

(1) show cause why this case should not be dismissed without prejudice for lack of subject matter jurisdiction based on the insufficient amount in controversy,

(2) provide the Court with sufficient information to determine Defendant's citizenship, and

(3) show cause why, in the event federal subject matter jurisdiction does exist, this action should remain pending in this district and not be dismissed or transferred to an appropriate venue.

Plaintiff is cautioned that failure to respond to this Order may result in the dismissal of this action without further notice.

**DONE AND ORDERED** at Jacksonville, Florida on September 19, 2014.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties